[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13721

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALLAN D. BRADFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:13-cr-14047-JEM-3

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Allan Demetrius Bradford, a federal prisoner serving a 270-month total sentence for robbery-related offenses, appeals the order of the United States District Court for the Southern District of Florida denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that the District Court erred by holding that it did not have discretion to consider his arguments for "Other Reasons" to grant a motion for compassionate release under U.S.S.G. § 1B1.13 cmt. n.1(D).  For the first time on appeal, he also claims that, if the District Court lacks such discretion under § 1B1.13 cmt. n.1(D)—as we held in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021)—then 28 U.S.C. § 994(t) is an unconstitutional delegation of authority to the Sentencing Commission, and § 1B1.13 is an invalid sub-delegation from the Sentencing Commission to the Bureau of Prisons (the "BOP") to determine the scope of § 1B1.13 cmt n.1(D).  He further argues the Court failed to adequately consider his arguments under the 18 U.S.C. § 3553(a) factors.  After careful review, we affirm.

I.

On July 8, 2013, law enforcement officers arrested several individuals, including Bradford, who had coordinated two bank robberies that morning in St. Lucie County, Florida.  On December 5, 2013, a federal grand jury returned a third superseding

indictment related to the robberies.  The superseding indictment charged Bradford with:

> (1) one count of conspiracy beginning in June and continuing through July 8, 2013, to interfere with commerce by threats or violence in St. Lucie County and Palm Beach County, Florida ("Count 1"), 18 U.S.C. § 1951(a);
>
> (2) two counts of interfering with commerce by threats or violence on July 8, 2013, at two PNC banks in St. Lucie County, Florida, one in Ft. Pierce ("Count 4") and one in Port St. Lucie ("Count 6"), 18 U.S.C. § 1951(a), and 2;
>
> (3) two counts of using, carrying, and possessing a firearm in furtherance of a crime of violence at the PNC banks referred to in Counts 4 and 6 ("Counts 5 and 7"), 18 U.S.C. §§ 924(c)(1)(A)(ii), (C)(i), and 2; and
>
> (4) one count of possession of a firearm as a felon on July 8, 2013 ("Count 9"), 18 U.S.C. § 922(g)(1), and 2.

The indictment concerned four bank robberies that Bradford and his co-conspirators (and co-defendants) committed between June 8, 2013, and July 8, 2013, while engaged in the Count 1 conspiracy.  The bank robberies were committed at gunpoint.

Pursuant to a plea agreement, Bradford pled guilty to all counts charged against him in the indictment.  In the plea agreement, the Government agreed to recommend a sentence within the guideline sentence range, to move for an acceptance of responsibility adjustment to the guideline offense level under U.S.S.G.

§ 3E1.1(a), and to move for an adjustment under § 3E1.1(b) if the offense level was determined to be 16 or greater.

In the stipulated facts supporting his guilty plea, Bradford stipulated that the Government could prove the allegations against him in the indictment. The stipulations also indicate that Bradford directly participated in armed bank robberies on June 20, 2013, July 1, 2013, and July 8, 2013 (the Count 4 robbery), and that he conspired with others to commit the other bank robbery on July 8, 2013 (the Count 6 robbery). The stipulations further indicate he brandished a weapon during the Count 4 robbery, and that he was a convicted felon during that time.

The presentence investigation report (the "PSR") set forth facts consistent with the stipulated facts supporting Bradford's guilty plea. The PSR found that Bradford conspired to commit four bank robberies. Under U.S.S.G. § 1B1.2(d), the PSR treated the conviction on the Count 1 conspiracy as if Bradford had been convicted on a separate count for each of the four robberies in which he participated as a conspirator. The PSR then grouped Count 4 and Count 6—the § 1951(a) robbery counts—with the Count 1 conspiracy offense conduct involving each of the robberies under § 3D1.2 cmt. n.4. Under § 3D1.2(c), Count 9 for felon in possession of a firearm was then grouped with Count 4 and the conspiracy offense for that robbery because Bradford possessed the firearm during the robbery.

As to Counts 5 and 7 for brandishing a firearm in furtherance of a crime of violence—which were associated with the robberies

under Counts 4 and 6, respectively—the PSR did not group those counts and the guideline sentence was the minimum term of imprisonment required by statute under U.S.S.G. § 2K2.4(b). Under § 2K2.4 cmt. n.4, the PSR did not apply the specific offense characteristics for possession, brandishing, use, or discharge of firearms to the robberies under Counts 4 and 6.

The PSR separately calculated the offense level for each of the four robberies, all of which had a base offense level of 20 under U.S.S.G. § 2B3.1(a). For the first and second robberies, the PSR added 2 points under § 2B3.1(b)(1), 5 points under § 2B3.1(b)(2)(C) because a firearm was brandished, and 1 point under § 2B3.1(b)(7)(B) because between $10,000 and $50,000 was taken. The total offense level was 28 for the first and second groups. For the third robbery, the PSR only added 2 points under § 2B3.1(b)(1). For the fourth robbery, the PSR added 2 points under § 2B3.1(b)(1) and 1 point under § 2B3.1(b)(7)(B). Following a multiple count adjustment, the PSR found that Bradford's combined adjusted offense level was 31. The PSR then subtracted three total points for acceptance of responsibility under § 3E1.1(a) and § 3E1.1(b), resulting in a total offense level of 28.

The PSR also discussed Bradford's cumulative criminal history and identified two prior convictions for grand theft of a motor vehicle, one conviction for driving with no valid driver's license causing death, one conviction of burglary of a conveyance, one conviction for resisting an officer without violence, and one conviction of driving without a valid driver's license. The PSR placed

him in criminal history category III.  The PSR also noted that, apart from his convictions, Bradford had previously been arrested for criminal mischief; battery; and—related to the instant offense—robbery with a deadly weapon, false imprisonment, and aggravated assault with a deadly weapon.

Based on a total offense level of 28 and a criminal history category of III, the PSR found that Bradford's guideline range was 97 to 121 months' imprisonment.  It noted that, as to Count 5, an 84-month term of imprisonment had to run consecutively to any other prison term under 18 U.S.C. § 924(c)(1)(A)(ii); and as to Count 7, a 300-month term of imprisonment had to run consecutively to any other term of imprisonment under 18 U.S.C. § 924(c)(1)(C)(i).

At sentencing, the District Court adopted the PSR's guidelines calculations and noted that Bradford and the Government agreed to recommend to the Court that he receive a total sentence at the low end of the guideline sentence range.  The Court noted that, based on the mandatory terms of imprisonment applicable to Counts 5 and 7, Bradford's total sentence would be 481 to 505 months' imprisonment.  The Court ultimately sentenced Bradford at the bottom of the sentencing guideline range to a total of 481 months' imprisonment.  The sentence consisted of 97 months for Counts 1, 4, 6, and 9, respectively, set to run concurrently; a consecutive term of 84 months for Count 5; and a consecutive term of 300 months for Count 7, followed by 5 years of supervised release.  The court also ordered Bradford to pay $36,662.03 in restitution.

The Court entered a final judgment on August 27, 2014. Bradford did not appeal.  The Government later moved the District Court to reduce Bradford's total sentence based on his substantial assistance to authorities under Fed. R. Crim. P. 35(b).  The Government recommended that his 481-month total sentence be reduced by 181 months to a total sentence of 300 months' imprisonment.  The District Court granted the motion and reduced his total sentence to 270 months, entering an amended judgment to this effect on June 2, 2015.

Between 2016 and 2018, Bradford sought post-conviction relief twice.  In 2016, Bradford moved for relief under 28 U.S.C. § 2255, which the District Court denied with prejudice.  In 2018, he applied to this Court for leave to file a successive § 2255 motion without success.

On January 5, 2021, Bradford moved *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1).  He based his motion in part on claimed medical conditions and an increased risk of contracting COVID-19.  He also asserted that he needed to take care of a family member who would be at an increased risk of COVID-19.  He further argued that he was unconstitutionally incarcerated under *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020) and § 403 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018) as it relates to consecutive sentences for § 924(c) convictions.

The Government opposed Bradford's motion.  The Government first claimed that U.S.S.G. § 1B1.13 provides the exclusive list of reasons that a court can grant compassionate release.  The

Government then argued that Bradford's medical conditions and any risk of COVID-19 did not fall within § 1B1.13 cmt. n.1(A), which outlines what medical conditions can qualify as a reason to grant compassionate release. The Government also claimed that Bradford's family circumstances did not qualify under § 1B1.13 cmt. n.1(C), which covers the family circumstances that qualify as a reason to grant compassionate release. The Government additionally argued that Bradford's constitutional challenges did not fall within § 1B1.13's list of reasons to grant compassionate release. Alternatively, the Government asserted that, based on his criminal history, Bradford was a danger to the community, and that the § 3553(a) factors weighed against his release.

Bradford filed a counseled reply to the Government's opposition to his motion. Bradford reiterated his claims related to COVID-19 and fleshed out a claim that sentencing disparities created by § 403 of the First Step Act could qualify as an extraordinary and compelling circumstance for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(1)(A).

The District Court denied Bradford's motion in an order entered on October 14, 2021. The District Court first explained that any reason to grant compassionate release must fall within the reasons enumerated in § 1B1.13 cmt. n.1(A)–(C) as required by *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). There, we held that district courts lack discretion to develop reasons to grant compassionate release under § 1B1.13's catch-all provision, § 1B1.13 cmt. n.1(D). *Bryant*, 996 F.3d at 1248, 1263–65.

The Court then concluded that Bradford's medical conditions did not qualify under § 1B1.13 cmt. n.1(A). The Court added that it could not consider COVID-19 in conjunction with medical conditions that do not qualify under § 1B1.13 cmt. n.1(A) because under *Bryant*, it lacked the discretion to develop reasons to grant compassionate release beyond those enumerated in § 1B1.13 cmt. n.1(A)–(C). The Court also found that Bradford's family circumstances did not qualify under § 1B1.13 cmt. n.1(C). As to Bradford's constitutional claims, it found that such claims fell outside § 1B1.13. In addition, the Court alternatively found that Bradford's criminal history showed he would pose a danger to the community and that the § 3553(a) factors weighed against his release.

Bradford now appeals. He argues that the District Court erred by finding that it could not consider reasons to grant compassionate release beyond those listed in § 1B1.13 cmt. n.1(A)–(C). He makes this claim by arguing that *Bryant* was wrongly decided and that it created separation-of-powers problems the panel did not address. He also argues that the District Court failed to adequately consider the § 3553(a) factors in reaching its decision.

## II.

We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021). A district court abuses its discretion when it bases its decision on an incorrect legal standard or findings of fact that are clearly

erroneous. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

A district court has no inherent authority to modify a defendant's sentence, and it may do so only when authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). 18 U.S.C. § 3582(c) governs when a court may modify a term of imprisonment after it has been imposed.

In the context of compassionate release, the statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A).

The district court need not conduct the compassionate release analysis in any particular order. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A district court may reduce a

term of imprisonment if: (1) the § 3553(a) factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and (3) the reduction would not endanger any person or the community. *Id.* All these conditions are necessary, so if the court finds against the defendant on one of them, it cannot grant a sentence reduction. *Id.* at 1238.

A district court must also sufficiently explain its decision to grant or deny a motion for compassionate release to allow meaningful appellate review. *See Cook*, 998 F.3d at 1184 ("A district court need not exhaustively analyze every factor in its order, but it must provide enough analysis that meaningful appellate review of the factors' application can take place." (internal quotation marks omitted)). The district court's consideration of the applicable § 3553(a) factors is sufficient "as long as the record demonstrates that the pertinent factors were taken into account." *Id.* at 1185 (quoting *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997)). And if a district court properly found either that (i) no extraordinary and compelling circumstances existed, or (ii) the defendant was a danger to the public, analysis of the § 3553(a) factors is unnecessary. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

In addition, we review a district court's determination of its authority to modify a term of imprisonment *de novo*. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We also review interpretations of the sentencing guidelines *de novo*. *Id.* Section 3582(c)(1)(A) requires that any sentence reduction be

"consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). It also clarifies that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* cmt. n.1(A)–(D). Subsection D serves as a catch-all provision. It provides that the Director of the BOP determines whether "there exists in the defendant's case an extraordinary and compelling reason." *Id.* cmt. n.1(D).

In *Bryant*, we held that § 1B1.13 was applicable to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of extraordinary and compelling reasons. *Bryant*, 996 F.3d at 1252–62. We further concluded that the catch-all provision in the commentary to § 1B1.13 did not give district courts discretion to develop other reasons than those listed in § 1B1.13

that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

Here, the District Court did not abuse its discretion. It adequately explained its decision not to grant Bradford's motion for compassionate release by weighing the relevant § 3553(a) factors. The Court made an explicit finding that the § 3553(a) factors weighed against granting compassionate release. The Court also emphasized Bradford's criminal history and the need to promote specific deterrence. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(C).

*Bryant* also forecloses Bradford's arguments that the District Court should have considered reasons beyond those listed in § 1B1.13 cmt. n.1(A)–(C). Under this Court's prior-panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). We have also emphasized that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel." *Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006). This Court has thus categorically rejected an overlooked reason or argument exception to the prior panel precedent rule. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015); *Smith v. GTE Corp.*, 236 F.3d 1292, 1301–04 (11th Cir. 2001).

So, Bradford's arguments that the District Court should have considered reasons beyond those listed in § 1B1.13 cmt.

n.1(A)–(C) are foreclosed.  He is essentially arguing that we should depart from *Bryant* because it was wrong on its own terms and because of separation-of-powers problems the panel did not address. But we cannot overrule *Bryant* for reasons that were not raised in that case.  *See Tippitt*, 457 F.3d at 1234; *In re Lambrix*, 776 F.3d at 794.

★ ★ ★

For the foregoing reasons, we affirm.

**AFFIRMED.**